UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUMARO RAMIREZ, | ) | NO. CV 06-0045-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

For the reasons set forth below, it is ordered that the motions for summary judgment be **DENIED** and the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative proceedings consistent with this opinion and order.

SUMMARY OF PROCEEDINGS

On February 27, 2006, plaintiff, Gumaro Ramirez ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The parties filed a consent to proceed before the magistrate judge. On June 2, 2006, plaintiff filed a motion for summary judgment. On July 7,

2007, the Commissioner filed a cross motion for summary judgment and an opposition to plaintiff's motion for summary judgment.

SUMMARY OF ADMINISTRATIVE RECORD

1.   Proceedings

On October 31, 2003, plaintiff filed an application for disability insurance benefits, alleging disability since August 12, 2002 due to back, arm and knee injury and depression.   (TR 57-59, 70).[1]   The application was denied initially and upon reconsideration.   (TR 40-43, 45-49).

On June 1, 2004, plaintiff filed a request for a hearing before an administrative law judge ("ALJ").   (TR 51).   On January 12, 2005, plaintiff, represented by an attorney and accompanied by an interpreter, appeared and testified before an ALJ.   (TR 346-360).  The ALJ also considered vocational expert ("VE") testimony.  On January 28, 2005, the ALJ issued a decision that plaintiff could perform a limited range of medium work, which precluded plaintiff from performing his past relevant work, but allowed him to perform other work that exists in significant numbers in the economy.  (TR 25-31).   According, the ALJ found that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits.  (Id.)  On February 10, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision.  (TR 17).  On November 4, 2005, the request was denied.  (TR 9-11).  Accordingly, the ALJ's decision stands as the final decision of the Commissioner.  Plaintiff subsequently sought judicial review in this

---

[1]   "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

1  court.

2      2.    Summary Of The Evidence

3      The ALJ's decision is attached as an exhibit to this opinion and

4  order and, except as otherwise noted, materially summarizes the evidence

5  in the case.

6                          PLAINTIFF'S CONTENTION

7      Plaintiff contends that the ALJ failed to properly consider the

8  opinions of his treating psychiatrist Dr. Marshak and treating

9  psychologist, Dr. Maibaum.

10                         STANDARD OF REVIEW

11     Under 42 U.S.C. §405(g), this court reviews the Commissioner's

12  decision to determine if: (1) the Commissioner's findings are supported

13  by substantial evidence; and, (2) the Commissioner used proper legal

14  standards.    Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996).

15  Substantial evidence means "more than a mere scintilla," Richardson v.

16  Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.

17  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

18     When the evidence can reasonably support either affirming or

19  reversing the Commissioner's conclusion, however, the Court may not

20  substitute its judgment for that of the Commissioner.    Flaten v.

21  Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir.

22  1995).    The court has the authority to affirm, modify, or reverse the

23  Commissioner's decision "with or without remanding the cause for

24  rehearing." 42 U.S.C. §405(g).  Remand is appropriate where additional

25  proceedings would remedy defects in the Commissioner's decision.

26  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

27                              DISCUSSION

28
                                    3

1        1.   <u>The Sequential Evaluation</u>

2        A person is "disabled" for the purpose of receiving social security

3 benefits if he or she is unable to "engage in any substantial gainful

4 activity by reason of any medically determinable physical or mental

5 impairment which can be expected to result in death or which has lasted

6 or can be expected to last for a continuous period of not less than 12

7 months."  42 U.S.C. §423(d)(1)(A).

8        The Commissioner has established a five-step sequential evaluation

9 for determining whether a person is disabled.  First, it is determined

10 whether the person is engaged in "substantial gainful activity."  If so,

11 benefits are denied.

12        Second, if the person is not so engaged, it is determined whether

13 the person has a medically severe impairment or combination of

14 impairments.  If the person does not have a severe impairment or

15 combination of impairments, benefits are denied.

16        Third, if the person has a severe impairment, it is determined

17 whether the impairment meets or equals one of a number of "listed

18 impairments." If the impairment meets or equals a "listed impairment,"

19 the person is conclusively presumed to be disabled.

20        Fourth, if the impairment does not meet or equal a "listed

21 impairment," it is determined whether the impairment prevents the person

22 from performing past relevant work.  If the person can perform past

23 relevant work, benefits are denied.

24        Fifth, if the person cannot perform past relevant work, the burden

25 shifts to the Commissioner to show that the person is able to perform

26 other kinds of work.  The person is entitled to benefits only if the

27 person is unable to perform other work. 20 C.F.R. §§404.1520, 416.920;

28

1  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).

2       2.  <u>Treating Physicians</u>

3       Plaintiff raises only one issue for judicial review: plaintiff

4  contends that the ALJ failed to properly consider the opinions of

5  Matthew Maibaum, Psy.D., and Dr. Herbert Marshak, who plaintiff contends

6  are "treating sources."

7       Plaintiff correctly argues that a treating physician's opinion

8  generally is entitled to great weight.  <u>See</u> <u>Andrews v. Shalala</u>, 53 F.3d

9  1035, 1041 (9th Cir. 1995) (citation omitted).  Moreover, in this

10 circuit, two visits within a fourteen month period can establish a

11 treating relationship.  <u>See</u> <u>Ghokassian v. Shalala</u>, 41 F.3d 1300, 1303

12 (9th Cir. 1994).

13      However, a "treating source" is defined as a physician,

14 psychiatrist or psychologist "who provides [plaintiff], or has provided

15 [plaintiff], with medical treatment or evaluation **and** who has, or has

16 had, an ongoing treatment relationship with [plaintiff]."  20 C.F.R. §

17 404.1502 (emphasis added).  Generally, a physician will be considered a

18 treating source when "the evidence establishes that [the plaintiff has

19 seen] the source with a frequency consistent with acceptable medical

20 practice for the type of treatment and evaluation required for your

21 medical condition(s)."  <u>Id</u>.  <u>See also</u>  <u>Benton v. Barnhart</u>, 331 F.3d

22 1030, 1035 (9th Cir. 2003).  The regulations are clear that a physician

23 will <u>not</u> be considered a "treating source" where the plaintiff's

24 "relationship with the source is not based on [his] medical need for

25 treatment or evaluation, but solely on [his] need to obtain a report in

26 support of [his] claim for disability."  20 C.F.R. § 404.1502.

27      Here, the ALJ reviewed the opinions of Drs. Maibaum and Marshak,

28
                                      5

finding that their evaluation of plaintiff was "in the context of his worker's compensation claim." (TR 27). The ALJ also considered the opinions of the psychiatrist who evaluated plaintiff consultatively on January 23, 2004 and found that plaintiff had mild depressive symptoms relating to being off work, but otherwise did not present with any psychiatric limitations. (TR 123). The State Agency psychiatrists found that plaintiff had only mild limitations and a non-severe psychological impairment. (TR 133, 143). The ALJ weighed the conflicting evidence, including plaintiff's treatment records, and found that plaintiff's depression was a severe impairment, and that plaintiff was mildly limited in activities of daily living, social functioning and concentration, persistence and pace with a 40-50% decrease in the ability to perform both detailed and complex and simple and repetitive tasks. (TR 29).

There is substantial evidence supporting the ALJ's conclusion that plaintiff went to Drs. Maibaum and Marshak for an evaluation in support of his claim for worker's compensation benefits, rather than for treatment. The doctors issued three reports, the first entitled "Initial Comprehensive Medical Legal **Evaluation**," and the second two entitled "Permanent and Stationary Comprehensive Medical Legal **Evaluation**." (TR 267, 291, 306)(emphasis added). The reports were prepared for plaintiff's worker's compensation case and reference plaintiff's worker's compensation claim number on the front page. These reports also indicate, on each front page, that they are an **"Evaluation" performed by** Matthew Maibaum, Psy.D., and **conducted by** Herbert Marshak, M.D. (TR 267, 291, 306)(emphasis added). They reflect a number of tests purportedly administered in the context of evaluating, not

treating, plaintiff's mental condition.  The initial evaluation was performed on November 27, 2002, the second performed on July 9, 2003, approximately seven months later, and the final on June 29, 2004, a year later.  The reports appear to contain "boilerplate" analysis that has been copied from reports prepared for other worker's compensation claimants.  For example, the reports contain a number of references to plaintiff as a "she."  (<u>See</u>, <u>e.g.</u>, TR 269, 283).

Although the reports recommend that plaintiff receive some treatment (<u>e.g.</u>, three months of therapy and "psycho-pharmacotherapy"), there is no indication that Drs. Maibaum and Marshak are or were either treating plaintiff or directing plaintiff's treatment.  <u>Cf</u>. <u>Benton v. Barnhart</u>, 331 F.3d at 1035-36, 1039-40(psychiatrist could be considered treating physician if his treatment of plaintiff, which involved directing and monitoring plaintiff's treatment by others after only one in person evaluation, was consistent with acceptable medical practice). Although plaintiff was represented by counsel in the administrative proceedings and given several opportunities to present evidence in support of his claim (TR 15, 35), the record contains no treatment or therapy notes from Drs. Maibaum or Marshak or any other psychologist or psychiatrist who was monitored or directed by them.  Further, while the Maibaum/Marshak evaluations report that plaintiff was taking medications prescribed by an unidentified doctor[2] (TR 300), there is no indication

---

[2]While Drs. Maibaum and Marshak's reports note plaintiff's test results, which appear to be based primarily on subjective reporting by plaintiff, indicate that his psychological impairments were not significantly improving (TR 283), plaintiff informed Dr. Shamlou, another physician who evaluated plaintiff for his worker's compensation case, that the medications he was taking were improving his depression.  (TR 228, 236).

1  that Drs. Maibaum or Marshak prescribed any medication, and plaintiff
2  testified at the hearing that he was not taking any.  (TR 352).

3      While the Commissioner through her ALJ took the administrative
4  position, supported by substantial evidence, that these practitioners
5  "evaluated" plaintiff (rather than treated) "in the context of his
6  worker's claim," in this court, the Commissioner takes the position that
7  Drs. Maibaum and Marshak **are** treating physicians.  (See Defendant's
8  Cross Motion for Summary Judgment at 3).  Accordingly, as the
9  Commissioner points out, to reject the uncontroverted opinion of a
10 treating physician, the ALJ must provide clear and convincing reasons
11 supported by substantial evidence.  Thomas v. Barnhart, 278 F.3d 947,
12 956-57 (9th Cir. 2002).  Even if the treating physician's opinion is
13 contradicted by other doctors, the Commissioner may not reject the
14 opinion without providing "specific and legitimate reasons" for doing
15 so, which are supported by substantial evidence.  Rollins v.
16 Massanari,261 F.3d 853, 856 (9th Cir. 2001) (citation omitted).

17     Here, in June 2004, Drs. Maibaum and Marshak found, in worker's
18 compensation terms, that plaintiff had a noticeable to marked impairment
19 in a number of functions required in a workplace setting, including
20 ability to make decisions, ability to carry out directions responsibly,
21 ability to maintain appropriate pace, ability to comprehend and follow
22 instructions, and ability to perform simple and repetitive tasks, and a
23 marked impairment in the ability to perform complex or varied tasks.
24 (See TR 285-86).  In July 2003, the doctors found that plaintiff had
25 even more severe limitations than in 2004.  (TR 302-03).  In contrast,
26 the ALJ found plaintiff only mildly limited in the activities of daily
27 living, social functioning and concentration, persistence and pace, with
28

1  a 40-50% decrease in the ability to perform detailed and complex and

2  simple and repetitive tasks.[3]   (TR 28-29).   Defendant essentially

3  concedes that the 2003 Maibaum/Marshak evaluation indicates a more

4  restrictive degree of limitation than that assessed by the ALJ.  (See

5  Defendant's Cross Motion for Summary Judgment at 5).   Nonetheless,

6  despite his implicit rejection of at least some of the doctors'

7  opinions, the ALJ provided no reasons for disregarding the opinions of

8  Drs. Maibaum and Marshak.

9       Accordingly, remand is warranted.   On remand, the Commissioner

10 should reassess the opinions of Drs. Maibaum and Marshak.   If the

11 Commissioner rejects some or all of their opinions she should provide

12 legally sufficient reasons for doing so.  On remand the Commissioner may

13 want to seek records of plaintiff's psychological treatment, if any,

14 referenced in the Maibaum/Marshak reports.

15              REMAND IS APPROPRIATE IN THIS CASE

16      The decision whether to remand a case for additional evidence is

17 within the discretion of the court.  Sprague v. Bowen, 812 F.2d 1226,

18 1232 (9th Cir. 1987).  Remand is appropriate if the record is incomplete

19 and additional proceedings would remedy defects in the Commissioner's

20 decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

21      Having considered the record as a whole, it appears that the

22

23      [3]The doctors' opinions were given in the context of a
   California worker's compensation case and use worker's
24 compensation terminology.  Accordingly, proper consideration of
   the doctors' opinions required translation of those opinions into
25 Social Security terminology.  See Desrosiers v. Secretary of
   Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988)(ALJ
26 erred when ALJ failed to consider the distinction between
   worker's compensation terminology and social security
27 terminology).

28                            9

present record is insufficiently developed.

## CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner for further administrative action consistent with this opinion.

This opinion constitutes the court's findings of fact and conclusions of law.

DATED: 7/6/06

_____/ S /_____

CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE